UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILY KO, | No. 2:15-cv-0225 TLN DAD PS |
| Plaintiff, | |
| v. | ORDER AND <br> FINDINGS & RECOMMENDATIONS |
| SUENIA ROMERO, et al., | |
| Defendants. | |

Plaintiff Lily Ko is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1

1  bound to deny a motion seeking leave to proceed in forma pauperis.").

2  Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
3  poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
4  state a claim on which relief may be granted, or seeks monetary relief against an immune
5  defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an
6  arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
7  Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a
8  complaint as frivolous where it is based on an indisputably meritless legal theory or where the
9  factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

10  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
11  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
12  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as
13  true the material allegations in the complaint and construes the allegations in the light most
14  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
15  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
16  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
17  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
18  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
19  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

20  The minimum requirements for a civil complaint in federal court are as follows:

21  > A pleading which sets forth a claim for relief . . . shall contain (1) a
   > short and plain statement of the grounds upon which the court's
22  > jurisdiction depends . . . , (2) a short and plain statement of the
   > claim showing that the pleader is entitled to relief, and (3) a demand
23  > for judgment for the relief the pleader seeks.

24  FED. R. CIV. P. 8(a).

25  Here, plaintiff's compliant fails to contain a short and plain statement of a claim showing
26  that she is entitled to relief.  In this regard, plaintiff's complaint is composed entirely of single
27  spaced, lettered and numbered, lines of vague and conclusory phrases.  For example, under
28  section "A. Act/Action(s) of Child Protective Services/Social Service et al.," next to line number

2

"6" plaintiff's complaint reads "[d]eprived children of federal rights, family unity[.]" (Compl. (Dkt. No. 1) at 1.) Under section "B. Denial of Administrative Remedy/Due Process," next to line number "7" the complaint reads "[P] absent dental/medical evaluation children physically abused[.]" (Id.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, the allegations found in plaintiff's complaint appear to concern a state court family law matter. Specifically, plaintiff's complaint refers to "Superior Court of California, County of Santa Clara Case No. 114JD22562 & 114JD22563," and alleges that plaintiff was absent from the "initial Court Hearing prior to seizure of children." (Compl (Dkt. No. 1) at 1.) The complaint also alleges that the "[j[udge directed 'his employees' handcuff/search [P] personal property," and stated that "[P] 'mentally incompetent.'" (Id. at 2.) In the complaint plaintiff also asks that this court "vacate past apparent unlawful seizure of children." (Id.)

Under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

1   The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state
2   court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties
3   do not directly contest the merits of a state court decision, as the doctrine prohibits a federal
4   district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a
5   state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008)
6   (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal'
7   forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly
8   erroneous decision by a state court, and seeks relief from a state court judgment based on that
9   decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d
10  at 1164). See also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman
11  doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in
12  'which a party losing in state court' seeks 'what in substance would be appellate review of the
13  state judgment in a United States district court, based on the losing party's claim that the state
14  judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S.
15  997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)). "Thus, even if a plaintiff seeks relief
16  from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also
17  alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

22  Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158). See also Exxon, 544 U.S. at 286 n. 1 ("a
23  district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the
24  state court had not passed directly on those claims, when the constitutional attack [is]
25  'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n.
26  16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the
27  federal court action are 'inextricably intertwined' with the state court's decision such that the
28  adjudication of the federal claims would undercut the state ruling or require the district court to

interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Moreover, the Younger abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992).  Thus, Younger abstention is appropriate when state proceedings of a judicial nature:  (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise federal questions.  Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc).  State judicial proceedings involving domestic relations implicate important state interests.  See Ankenbrandt v. Richards, 504 U.S. 689, 703-04 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (affirming abstention where the case raised constitutional issues but was "at its core a child custody dispute"); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (finding abstention appropriate despite the presence of constitutional issues where the plaintiff sought visitation with children who were wards of the state court).

Here, it appears plaintiff failed to prevail in state court, is now complaining of injuries caused her by a state court judgment rendered before this federal action was commenced, and is inviting this federal court to review those state court proceedings to find error.  Moreover, it appears plaintiff is also inviting this federal court to interfere with ongoing state proceedings related to domestic relations.  As recognized by the authorities cited above, under the Rooker-Feldman and Younger abstention doctrines this federal district court is precluded from hearing such an action.

## LEAVE TO AMEND

For the reasons set forth above, plaintiff's complaint should be dismissed.  The undersigned has carefully considered whether plaintiff could amend her pleading to state a claim for relief over which the court would have subject matter jurisdiction.  "Valid reasons for denying

leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the obvious lack of subject matter jurisdiction, the undersigned finds that it would be futile to grant plaintiff leave to amend in this case. See Nadolski v. Winchester, No. 13-CV-2370 LAB DHB, 2014 WL 3962473, at *4 (S.D. Cal. Aug. 6, 2014) ("Nadolski's claims are a similar attempt to challenge, here in federal court, an adverse family court ruling in state court. These claims are barred by the Rooker–Feldman doctrine."); Mellema v. Washoe County Dist. Atty., No. 2:12-cv-2525 GEB KJN PS, 2012 WL 5289345, at *2 (E.D. Cal. Oct. 23, 2012) ("In this case, plaintiff's request that this court 'cancel' the family court order and child support debt owed plainly amounts to a forbidden de facto appeal of the state court's order directing plaintiff to pay child support."); Rucker v. County of Santa Clara, State of California, No. C02-5981 JSW, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) ("Rucker challenges his original child support order on jurisdictional grounds, disputes his total child support arrearages, and alleges that Santa Clara County's garnishment order against his disability benefits payments is invalid. Thus, Rucker's claims are 'inextricably intertwined' with the state court's ruling.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 2, 2015 motion for children to be brought to court (Dkt. No. 3) is denied without prejudice; and

2. Plaintiff's March 23, 2015 motion for release (Dkt. No. 7) is denied without prejudice.

IT IS ALSO HEREBY RECOMMENDED that:

1. Plaintiff's January 27, 2015 application to proceed in forma pauperis (Dkt. No. 2) be denied;

2. Plaintiff's January 27, 2015 complaint (Dkt. No. 1) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 8, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\ko0225.dwolta.f&rs.docx